OPINION of the Court, by
Judge Owsi/ey.
This Case turns upon the propriety of the decision of the court below, in re jecting the evidence introduced by Williams, who was plaintiff in that court.
The declaration contains three counts : the first inde-bitatus assumpsit for money had and received, and goods, wares and merchandise sold and delivered ; and the second and third upon account stated, &c. And in support of his declaration, the plaintiff exhibited an account containing various items, and was proceeding to prove the receipt by the defendant of t|ie items charged, in property, such as cattle, sheep, skins, saddles, &e. and the sale and conversion thereof by the defendant; but on the motion of the defendant for that purpose, the court excluded the evidence in relation to all the items charged, except those of saddles and hats, as being inadmissible under the first count.
As the evidence in no wise conduced to prove a sale of the property by the plaintiff to Gilchrist, it was certainly inadmissible under that branch of the count which claims compensation for the sale of goods, wares, &c. j but as *528 ⅛ went to establish a sale of the property by Gilchrist, it was evidently admissible under the charge for money had and received ; for if the sale was made for money, (and whether it was or not, was the subject of further proof) although it may have been made against the consent of Williams, yet upon the receipt of the money by Gilchrist, it was competent for Williams to waive the tort, and bring his action for so much money had and received to his use.
With respect to the evidence offered upon the second and third counts, it need only be remarked, that as they are both upon stated accounts, proof of the settlement of accounts, either by the parties or their agents, should be required.
The Judgment must be reversed with costs, the cause remanded, and further proceedings had not inconsistent with this opinion.